UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| COLEEN R. GARMAN, o/b/o Richard Garman (deceased), | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.:  2:05-CV-00304-PRC |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Petition for Attorney Fees Pursuant to § 206(b)(1) [DE 34], filed by counsel for the Plaintiff, Coleen Garman, o/b/o, Richard Garman, deceased, on August 9, 2007.  On August 24, 2007, the Defendant filed a response in opposition to the Plaintiff's Petition.  On September 4, 2007, the Plaintiff's counsel filed a reply.  For the foregoing reasons, the Court grants the Petition.

**PROCEDURAL BACKGROUND**

On July 17, 2001, the Plaintiff filed an application for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act.  The Plaintiff's application was denied initially and again upon reconsideration.  On March 18, 2002, the Plaintiff filed a timely request for hearing before an Administrative Law Judge ("ALJ").  On June 19, 2003, a hearing was held in Fort Wayne, Indiana, before ALJ Richard VerWiebe.  In a decision dated April 12, 2004, the ALJ denied the Plaintiff's claim.

On May 24, 2004, the Plaintiff filed a timely request for review of the ALJ's decision.  On June 10, 2005, the Social Security Administration Appeals Council denied the Plaintiff's request for review, making the ALJ's April 12, 2004, decision the final determination of the Commissioner.

On August 12, 2005, the Plaintiff filed a timely Complaint with this Court, seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). On November 21, 2005, the Commissioner filed a Defendant's Motion to Reverse, Enter Judgment, and Remand Commissioner's Decision for Further Administrative Proceedings. On December 5, 2005, the Plaintiff filed a Plaintiff's Response in Opposition to Defendant's Motion to Reverse, Enter Judgment, and Remand Pursuant to Sentence Four. The Commissioner did not file a reply brief. On March 6, 2006, the Court denied the Commissioner's Motion and entered a scheduling order.

On April 20, 2006, the Plaintiff filed a Motion to Remand Pursuant to Sentence Six along with a Memorandum in Support of Summary Judgment or Remand Pursuant to Sentence Six. On May 4, 2006, the Commissioner filed a response, and on May 15, 2006, the Plaintiff filed a reply. On June 20, 2006, the Court denied the Plaintiff's Motion.

On July 20, 2006, the parties filed a Joint Stipulation to Reverse, Enter Judgment, and Remand Commissioner's Decision for Further Administrative Proceedings. On August 3, 2006, the Court granted the parties' Joint Stipulation and ordered that the Commissioner's decision be reversed and the case remanded for further administrative proceedings and a *de novo* hearing pursuant to the following terms: (1) the Plaintiff may supplement the record, and (2) the ALJ shall obtain vocational expert testimony in order to determine the exertion level of Mr. Garman's past relevant work and whether Mr. Garman was able to perform his past relevant work or other work that existed in the national economy. The Court further directed the Court Clerk to enter judgment pursuant to Rule 58, which the Clerk did on August 4, 2006.

On September 5, 2006, the Plaintiff's counsel  filed an Application for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"). On June 7, 2007, the Court issued an order

2

denying the application because the Plaintiff's counsel failed to adequately show that the Plaintiff's net worth did not exceed $2,000,000 and therefore he did not qualify as a "party" under the Act.

On June 12, 2007, the Plaintiff prevailed on remand when the ALJ issued a favorable decision, awarding benefits back to June 25, 2001. The Commissioner's Office of Central Operations calculated the past due benefits and awarded the Plaintiff $70,512.00.

On August 9, 2007, the Plaintiff's counsel filed a Petition for Attorney Fees Pursuant to § 206(b)(1). The Petition is now fully briefed and before the Court. The Court has jurisdiction over this fee petition pursuant to 42 U.S.C. § 406(b) as the Court reversed and remanded this matter for further proceedings on August 3, 2006.

## ANALYSIS

In his Petition, the Plaintiff's counsel seeks an award of attorney's fees pursuant to section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). The Plaintiff's counsel requests that the Court award attorney's fees in the amount of $17,628.00, which represents 25% of the ALJ's June 12, 2007, favorable award for past due benefits. The Plaintiff's counsel contends that given the contractual intent of the parties evidenced in their fee agreement, the risk that counsel assumed in accepting this case, and the favorable results obtained on behalf of the Plaintiff, the requested fee is reasonable. The Commissioner's Office of Central Operations withheld $17,628.00 for direct payment to the Plaintiff's attorney, pending this Court's approval. The Commissioner opposes the requested award of fees and argues that the amount requested is unreasonable.

Fees for representing Social Security benefits claimants are governed by the Social Security Amendments of 1965. *See* 42 U.S.C. § 406 (2000). Section 406(a) deals with fees for representation in administrative proceedings, whereas § 406(b) governs fees for representation in

3

court. *See id.*; 20 C.F.R. § 404.1728(a) (2001). The Social Security Act provides for attorney's fees for "a judgment favorable to the plaintiff." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002). Further, the statute states that a reasonable fee will not exceed twenty-five percent of the past due benefits. *See* 28 U.S.C. § 406(b). Likewise, fees can *only* be obtained from past due benefits; attorneys cannot gain additional fees simply because a claimant is entitled to continuing benefits. *See id.* Because the statute sets out the exclusive method for obtaining fees for successful representation, demanding or collecting anything more than the authorized allocation of past due benefits is a criminal offense. *See Gisbrecht*, 535 U.S. at 795; 20 C.F.R. §§ 404.1740-1799 (2001).

Further, the Equal Access to Justice Act ("EAJA") increases the amount of past due benefits a social security claimant may receive. *See Gisbrecht*, 535 U.S. at 796; *see* 28 U.S.C. § 2412. Under the EAJA, a prevailing party may be awarded fees if the government's position was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A); *Gisbrecht*, 535 U.S. at 796 ("Under EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'"); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)). EAJA fees are determined by the time spent on the case and a reasonable hourly rate capped at $125.00 per hour. *See Gisbrecht*, 535 U.S. at 796; 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(2)(A). Fee awards may be granted under both EAJA and § 406(b), but the claimant's attorney must refund the amount of the smaller fee to the claimant. *See Gisbrecht*, 535 U.S. at 796.

In this matter, the Plaintiff is a prevailing party because the Court remanded the Commissioner's decision, and, on remand, the Plaintiff prevailed and received past due benefits.

4

Furthermore, the Commissioner does not object to the awarding of fees in this case. Rather, he argues that the amount of the attorney's fees sought is unreasonable and excessive, and would amount to a windfall for the Plaintiff's attorney.[1] The Commissioner argues that a fee award of $17,628.00 is unreasonable because the Plaintiff is seeking to recover attorney's fees for 28.65 hours of work.[2] The request amounts to just over six hundred dollars per hour. As the prevailing party, the Plaintiff, through his attorney, has the burden of proving that the fees he seeks are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

As interpreted by the Supreme Court in *Gisbrecht*, the language of § 406 provides for a reasonable fee which does not exceed twenty-five percent of the past due benefits. *See* 535 U.S. at 800, 807. The *Gisbrecht* court held that contingent fee agreements shall be used as the primary means to calculate attorney's fees. *See id*. The Supreme Court recognized that contingent fee contracts are the most common payment arrangement between Social Security claimants and their counsel. *Id*. at 803. In *Hensley*, the court stated that attorneys should recover a "fully compensatory fee" when the client receives "excellent results." 461 U.S. at 435.

In considering the legislative history of the Social Security Act, the court in *Gisbrecht* noted that although Congress intended to protect claimants from "inordinately large fees," nothing demonstrates a congressional intent to discourage attorneys and claimants from contingency agreements. 535 U.S. at 790-91 (stating that Congress likely meant to contain, not prevent,

---

[1] Two attorneys represented the Plaintiff in this matter; however one of the attorneys, Marcie Goldbloom, only spent 0.25 hours working on the case. Thus, hereinafter, the Court will use "attorney" when discussing the Plaintiff's legal representation, referring to Attorney Frederick Daley, Jr., who spent 10.80 hours working on this case.

[2] The hours of work in this case were apportioned between two attorneys and a law clerk. Of those hours, 17.60 hours were law clerk work. While the Commissioner argues that some of the hours of work by the law clerk were clerical in nature and should not be compensated at all, the Commissioner does not argue that the law clerk should receive compensation at a rate different than that awarded to the Plaintiff's attorney.

5

contingencies). Further, "Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and . . . risk[ing] that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate." *Hensley*, 461 U.S. at 448-49 (Brennan, J., concurring in part and dissenting in part).

The Seventh Circuit has also addressed the question, although it did so prior to the Supreme Court's decision in *Gisbrecht*, and held that courts should defer to the parties' reasonable intentions in analyzing attorney's fees. *See McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989). Where there is a contingent fee contract between the claimant and the attorney, the proper starting point in considering the reasonableness of a fee is the contract; "Simply determining a reasonable hourly rate is inappropriate when an attorney is working pursuant to a reasonable contingency contract." *Id.* at 980; *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1082 (E.D. Wis. 2007) (finding that "the Commissioner's focus on a projected hourly rate is misplaced"). The *Blankenship* factor approach helps determine whether a contingency fee is reasonable. *Blankenship v. Schweiker*, 676 F.2d 116, 117-18 (4th Cir. 1982); *see also McGuire*, 873 F.2d at 983. The factors include: (1) time and labor required; (2) skill required; (3) contingency of fee; (4) amount involved and results obtained; (5) experience, reputation, and ability of the attorney; and (6) awards in similar cases. *See Blankenship*, 676 F.2d at 117-18. In *Gisbrecht*, the court noted that a contingent fee may be reduced if the quality of work is substandard, if the attorney causes a delay in the litigation, or if fees are too large when compared to time counsel spent on the case. *See* 535 U.S. at 806. Additionally, deference to the contract may be overcome if an attorney accepts an easy case pursuant to a full twenty-five percent contingency contract. *See McGuire*, 873 F.2d at 981.

Thus, dividing the total fee into an hourly fee to determine reasonableness is contrary to the holdings of *Gisbrecht* and *McGuire*, both of which permit contingent fee agreements. As noted by Justice Brennan in his partial concurrence and partial dissent in *Hensley*, contingency contracts reflect the time-value of money and the risk taken by the party that she will not recover, meaning that the attorney may not be paid for time spent on the litigation. *See* 461 U.S. at 447-48 (Brennan, J., concurring in part and dissenting in part). The Plaintiff and his counsel so allocated the risk in this litigation, and the contract will be the starting point in considering the reasonableness of the fee. In considering reasonableness, this Court will consider the fee in light of the *Gisbrecht* and *McGuire* holdings and the *Blankenship* factors.

The contract in this case is a standard contingency agreement signed by both the Plaintiff and his attorney, and it uses the exact language of § 406(b) to provide for the statutory maximum attorney fee of twenty-five percent of past due benefits upon a successful result. In the event of an unsuccessful result, the Plaintiff would not have owed his attorney a fee. However, the attorney obtained excellent results and recovered substantial past due benefits for the Plaintiff. During his representation, the attorney did not cause a delay in the litigation. And although the hours worked compared to the total fee requested may seem disproportionate at first glance, they reflect the time-value of money and the attorney's risk that he could receive no payment for his services.

Further, although the issues argued in this case are not novel, counsel accepted this case for appeal having not been involved in making the record at the administrative level and spent more than ten hours familiarizing himself with the record and working on the appeal and eventual remand. To be successful, counsel had to obtain a remand, convince the Social Security Administration to award benefits, and convince the Social Security Administration of the onset date for the benefits

to achieve the Plaintiff's recovery. The Plaintiff's attorney successfully completed each of these tasks. The Plaintiff's attorney is experienced in Social Security litigation, as demonstrated by his representation of the Plaintiff throughout this matter. His experience, no doubt, aids in his evaluation of the record, and his evaluation of the ALJ's findings to determine issues proper for appeal. The attorney's experience in Social Security litigation served the Plaintiff well and counsel should be compensated accordingly. The Court finds that the contractual contingency arrangement, providing for twenty-five percent of the benefits awarded to the Plaintiff, is reasonable compensation for the attorney's representation in this case, and is not a windfall.

The Court notes that the § 406 attorney's fees in this case will not be offset by fees awarded under the EAJA. The Plaintiff's attorney filed a motion for EAJA fees but the motion was denied because the Court found that the Plaintiff did not qualify as a "party." The Plaintiff's failure to qualify as a party resulted from his inability to make the requisite showing that his net worth did not exceed $2,000,000 at the time the civil action was filed. *See* 28 U.S.C. § 2412(d)(1)(B). Thus, any fees awarded to the Plaintiff's attorney will be deducted directly from the Plaintiff's past due benefits and will not be offset by an EAJA fee award. *See Koester*, 482 F. Supp. 2d at 1082 (relying on the fact that the plaintiff's counsel also received EAJA fees, which mitigated the amount of § 406 fees paid by the plaintiff, as one factor supporting the court's decision to award the maximum amount of fees allowed under § 406 to plaintiff's counsel). The Court finds that the absence of EAJA fees is a factor in its analysis of § 406 fees. However, the Court determines that based on the analysis of the factors set forth above, the absence of EAJA fees should not result in a reduction of the § 406 fees awarded to the Plaintiff's attorney.

The Court also notes that the procedural history in this case is different than the majority of cases in which a social security Plaintiff's attorney pursues fees. Here, the Plaintiff obtained remand on a joint stipulation of the parties rather than a court order. Early in the case, on November 21, 2005, the Commissioner filed a motion seeking to remand the case pursuant to sentence four of 42 U.S.C. § 405(g). On December 5, 2005, the Plaintiff filed a response in opposition to the motion, arguing that remanding the matter pursuant to sentence four would only allow review of Steps Four and Five of the ALJ's analysis. The Plaintiff wished to challenge the ALJ's credibility finding and residual functional capacity finding, which are determined by an ALJ prior to Step Four. On March 6, 2006, the Court denied the Commissioner's motion.

Thereafter, on April 20, 2006, the Plaintiff filed a motion to remand the case pursuant to sentence six of 42 U.S.C. § 405(g) and a nineteen page supporting memorandum of law, which doubled as the Plaintiff's opening brief. This time, the Commissioner opposed the motion to remand and argued that the Plaintiff's motion should be denied because the Plaintiff failed to submit "material" evidence to the Court in furtherance of his motion. On June 20, 2006, the Court denied the Plaintiff's motion and the parties were back to square one.

On July 20, 2006, the parties apparently reached a compromise and filed a stipulation to remand the matter in order for the Plaintiff to supplement the record, for the ALJ to obtain vocational expert testimony to determine the exertion level of the Plaintiff's past relevant work, and to determine whether the Plaintiff was able to perform his past relevant work or other work that existed in the national economy. It was on remand following the stipulation that the Plaintiff received a favorable finding and award of past due benefits.

9

While the Commissioner argues that the stipulated remand saved the Plaintiff's attorney the work of having to file a substantive reply brief laying out bases for remand, the Court sees the procedural history differently.  First, the Plaintiff's attorney filed an opening brief, which articulates his substantive arguments to remand the case on four distinct issues.  In addition, the Plaintiff's attorney, rather than accepting the Commissioner's motion to remand the case and remanding for a narrow review of the ALJ's decisions at Steps Four and Five of his analysis, chose to oppose the motion and seek remand on a broader scope of issues.  In doing so the Plaintiff's attorney filed a four-page response in opposition to the Commissioner's motion for remand, a three-page motion for remand on behalf of the Plaintiff, and a nineteen-page supporting memorandum of law that also served as the Plaintiff's opening brief.  The Plaintiff's attorney also undoubtedly engaged in negotiations with attorneys for the Commissioner to arrive at the terms for the parties' stipulation for remand.  Ultimately, the Plaintiff's attorney's litigation strategy obtained a favorable result in the form of an award for $70,512.00 in past due benefits.  Thus, the Court finds that the award of twenty-five percent of the past due benefits is a reasonable fee for the Plaintiff's attorney's work.

The Commissioner also argues that the Plaintiff's attorney included billing for administrative tasks that should not be included in any attorney fees awarded.  Specifically, the Commissioner points to time entries by law clerk Suzanne Blaz for work described as "Fred gave me notes re: Sent. 6 remand." and "Further drafting response: leaving for Fred.  Might need beefing up..."  Pl.'s Br. Ex. 3 at 1.  The Commissioner contends that these time entries describe clerical work and should not be included in a fee award.  The Court disagrees and finds that these time entries are not merely administrative tasks but that they involve drafting and editing, two activities that are worthy of attorney and law clerk billing rates.

10

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition for Attorney Fees Pursuant to § 206(b)(1) [DE 34] and awards the Plaintiff's attorney a total of $17,628.00 in attorney's fees.  The Court further **ORDERS** that payment by the Commissioner in the amount of $17,628.00 be paid directly to the law firm of Daley, Debofsky & Bryant in accordance with the agreement signed by Plaintiff Richard Garman.

SO ORDERED this 25th day of October, 2007.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record